**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT LEE QUACKENBUSH,<br><br>                         Petitioner,<br>v.<br>UNKNOWN, Warden,<br><br>                         Respondent. | Civil No.   08cv0567-JAH (LSP)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

Petitioner, a state parolee proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. In addition, Petitioner has failed to use a court-approved form, has failed to name a proper respondent, and has failed to allege exhaustion of state court remedies.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than May 27, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee along with an amended petition which cures the following defects.

A Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted

upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted the application a for writ of habeas corpus on a court-approved form. The Court will send Petitioner a blank Southern District of California habeas petition form along with a copy of this Order.

Further, Petitioner has not named a proper Respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. However, if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). In some cases, a petitioner may name the state attorney general. Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id. If Petitioner wishes to proceed with this action, he must name a proper Respondent.

Finally, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Here, Petitioner has not indicated that he has exhausted state judicial remedies. Although Petitioner attaches a copy of an order of the state appellate court denying a habeas petition filed in that court, nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of pleading that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore

1  does not toll the statute of limitations), as amended 439 F.3d 993, cert. denied, 127 S.Ct (2006).
2  However, absent some other basis for tolling, the statute of limitations continues to run while
3  a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).
4       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
5  habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
6  the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.
7  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
8  relief because he has not satisfied the filing fee requirement, has not used a court-approved form,
9  has not named a proper Respondent, and has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

11      The Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice for failing
12  to satisfy the filing fee requirement, failing to use a court-approved form, failing to name a
13  proper Respondent and failing to allege exhaustion of state court remedies.  If Petitioner wishes
14  to proceed with this case, he must submit, **no later than May 27, 2008,** a copy of this Order
15  with the $5.00 fee or with adequate proof of his inability to pay the fee and file a First Amended
16  Petition which cures the pleading defects identified in this Order.  Petitioner is cautioned that
17  if he fails to allege exhaustion of his state court remedies by **May 27, 2008**, he will have to start
18  over by filing a new petition which will be given a new civil case number.  The Clerk of Court
19  shall send a blank Southern District of California In Forma Pauperis Application and a blank
20  Southern District of California amended petition form to Petitioner along with a copy of this
21  Order.

22      **IT IS SO ORDERED.**
23  DATED:  April 2, 2008

JOHN A. HOUSTON
United States District Judge