1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ROBERT LEE QUACKENBUSH,                    Civil No.    08cv0567-JAH (LSP)

12                              Petitioner,
                                                 **ORDER GRANTING REQUEST TO**
13              v.                               **PROCEED IN FORMA PAUPERIS AND**
                                                 **DISMISSING FIRST AMENDED**
14    UNKNOWN, Warden,                           **PETITION**

15                              Respondent.

16          On March 25, 2008 Petitioner, a state parolee proceeding pro se, filed a Petition for a Writ

17    of Habeas Corpus pursuant to 28 U.S.C. § 2254, but failed to pay the $5.00 filing fee and failed

18    to move to proceed in forma pauperis.  On April 2, 2008, this Court dismissed the petition

19    without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to name

20    a proper respondent, failed to use the proper form and failed to allege exhaustion of state judicial

21    remedies.  The Court notified Petitioner that in order to have his case reopened, he must (1) pay

22    the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended

23    Petition curing the pleading deficiencies set forth in the April 2, 2008 Order, no later than May

24    27, 2008.  The Court also informed Petitioner that if he failed to adequately allege exhaustion

25    of state judicial remedies in his amended petition, his case would be dismissed without leave to

26    amend and he would have to start over by filing a new petition which would be given a new case

27    number.  On April 21, Petitioner filed a First Amended Petition and a request to proceed in

28    forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

According to his request to proceed in forma pauperis, Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO USE THE PROPER FORM

Petitioner has again failed to use the proper form. A Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted the application for writ of habeas corpus on a court-approved form.

## FAILURE TO NAME A PROPER RESPONDENT

Further, Petitioner has again failed to name a proper Respondent. As discussed in this Court's April 2, 2008 Order, on federal habeas, a state prisoner or parolee must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. However, if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). In some cases, a petitioner may name the state attorney general. Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id. If Petitioner wishes to proceed with this action, he must name a proper Respondent.

## FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

As with his previous petition, Petitioner has also failed to allege exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction

1   or the length of their confinement in state prison, must first exhaust state judicial remedies. 28

2   U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state

3   judicial remedies, a California state prisoner must present the California Supreme Court with a

4   fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.

5   28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state

6   court remedies a petitioner must allege, in state court, how one or more of his or her federal

7   rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995)

8   reasoned: "If state courts are to be given the opportunity to correct alleged violations of

9   prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting

10  claims under the United States Constitution." Id. at 365-66 (emphasis added). For example,

11  "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him

12  [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say

13  so, not only in federal court, but in state court." Id. at 366 (emphasis added).

14      Here, Petitioner has not indicated that he has exhausted state judicial remedies. Although

15  Petitioner attaches a copy of an order of the state appellate court denying a habeas petition filed

16  in that court, nowhere in the Petition does Petitioner allege that he raised his claims in the

17  California Supreme Court. If Petitioner has raised his claims in the California Supreme Court

18  he must so specify. The burden of pleading that a claim has been exhausted lies with the

19  petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

20      The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty

21  Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of

22  habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

23  period shall run from the latest of:

24          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
25          such review;

26          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of the
27          United States is removed, if the applicant was prevented from filing
            by such State action;

28

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), <u>as amended</u> 439 F.3d 993, <u>cert. denied</u>, 127 S.Ct (2006). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement, has not used a court-approved form, has not named a proper Respondent, and has not alleged exhaustion of state court remedies.

## FAILURE TO STATE A COGNIZABLE CLAIM

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254.  <u>See also</u> <u>Boehme v. Maxwell</u>, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner

1  made conclusory allegations instead of factual allegations showing that he was entitled to relief).

2  Here, Petitioner has violated Rule 2(c).  Here, Petitioner states only very generalized

3  constitutional grounds for relief and he also fails to provide specific factual allegations in

4  support of such grounds.

5          While courts should liberally interpret pro se pleadings with leniency and understanding,

6  this should not place on the reviewing court the entire onus of ferreting out grounds for relief.

7  Cf. Burkey v. Deeds, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have

8  entire onus of creating federal claim for petitioner).  The Court finds that the Petition contains

9  conclusory allegations without any specific facts in support of relief.  A federal court may not

10 entertain a petition that contains allegations which are conclusory.

11         This Court would have to engage in a tenuous analysis in order to attempt to identify and

12 make sense of the Petition.  In order to satisfy Rule 2(c), Petitioner must point to a "real

13 possibility of constitutional error."  Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)

14 (internal quotation marks omitted).  Facts must be stated, in the petition, with sufficient detail

15 to enable the Court to determine, from the face of the petition, whether further habeas corpus

16 review is warranted.  Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the

17 allegations should be sufficiently specific to permit the respondent to assert appropriate

18 objections and defenses.  Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the

19 lack of grounds for relief in the Petition prevents the Respondent from being able to assert

20 appropriate objections and defenses.

21                                              **CONCLUSION**

22         Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma

23 pauperis and **DISMISSES** the First Amended Petition without leave to amend for failing to use

24 a court-approved form, failing to name a proper Respondent, failing to allege exhaustion of state

25 / / /

26 / / /

27 / / /

28 / / /

1   court remedies and failing to state a cognizable claim for relief.   As the Court cautioned

2   Petitioner in its previous Order, if Petitioner wishes to pursue his claims he must start over by

3   filing a new petition which will be given a new civil case number.   The Clerk shall close the file.

4        **IT IS SO ORDERED.**

5   DATED:  May 7, 2008

6

7                                          JOHN A. HOUSTON
                                           United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28